1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

7

8

James Michael Morgan,
Plaintiff
-vs-

CV-12-0464-PHX-ROS (JFM)

9

Maricopa County Adult Probation Dept.,
et al.,
Defendants.

**REPORT & RECOMMENDATION**

10

11

12

**Matter at Issue** - Plaintiff has filed his First Amended Complaint (Doc. 14.)

13

The Prison Litigation Reform Act, 28 U.S.C. § 1915A, requires the Court to screen

14

complaints brought by prisoners seeking relief against a governmental entity or officer or

15

employee of a governmental entity. The Court must dismiss a complaint or portion

16

thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail

17

to state a claim upon which relief may be granted, or that seek monetary relief from a

18

defendant who is immune from such relief. *Id.* 42 U.S.C. § 1997 applies the same

19

standard to such complaints even if the defendants are not governmental entities, or

20

officers or employees of a governmental entity. *Id.*

21

This matter is before the undersigned on referral from the District Judge, and the

22

determination of the undersigned on screening is dispositive of some of Plaintiff's

23

claims. Accordingly, the undersigned makes the following proposed findings of fact,

24

report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure,

25

and 28 U.S.C. §28(b)(1)(B) and (C).

26

**Construction of Complaint** - In screening complaints, the Court is obliged to

27

liberally construe the Plaintiff's complaint:

28

The handwritten pro se document is to be liberally construed…[A]

1

pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

**Overview of Amendments** – Plaintiff's First Amended Complaint (Doc. 14) contains a single count, arising out of the imposition of GPS monitoring on Plaintiff while under the supervision of the Maricopa County Adult Probation Department (MCAPD).  Plaintiff names as defendants existing defendants Probation Officers Harlin and Christianson.  He renames Defendants MCAPD, Chief Probation Officer Broderick, and Probation Officers Thompson and Johnson.

Plaintiff's original Complaint (Doc. 1) contained six counts.  On screening, the Court ordered responses to three of the counts (One, Three, and Six) from Defendants Harlin and Christianson, and dismissed Defendants MCAPD, Chief Probation Officer Broderick, and Probation Officers Thompson and Johnson, as well as the remaining counts (Two, Four and Five).  Plaintiff's proposed amendment further eliminates Counts Three and Six, as well as the dismissed Counts Two, Four and Five.

Plaintiff expands the allegations of the sole remaining count, Count One, to add an equal protection claim,[1] to address the responsibility of Defendants MCAPD and Broderick, and to add allegations against Defendants Thompson and Johnson.

In the interim, Defendants Christianson and Harlin have filed an Answer (Doc. 12) to the original Complaint (Doc. 1).

**Equal Protection** - With regards to the addition of an equal protection claim,

---

[1] Plaintiff makes passing references in his Count One to a use of excessive force.  *See* e.g. First Amended Complaint at 3C, 3G.   However, Plaintiff's opening statement of the rights violated is limited to due process and equal protection rights.  Moreover, Plaintiff makes no effort to identify any actual force, as opposed to his allegations of threats of prison.  Threats alone do not amount to a use of an unconstitutional use of force.  *See* *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Accordingly, the undersigned does not construe this as a separate claim, but as part of the *res gestae* of Plaintiff's due process and equal protection claims.

Plaintiff makes no allegations about the basis for that claim, beyond his general complaints about the imposition of GPS monitoring. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff's allegations offer nothing to suggest a discriminatory intent, nor to show that Plaintiff was a member of a protected class, or that any discrimination was based upon such a class. Accordingly, Plaintiff's equal protection claim should be dismissed for failure to state a claim.

**Thompson and Johnson** - With regard to Defendants Thompson and Johnson, Plaintiff alleges that these defendants violated his rights by failing to immediately remove the offending GPS device after the justification for it was removed (although they did remove it prior to a scheduled hearing). These defendants were previously only named in now removed counts. As with Defendants Harlin and Christianson, Plaintiff adequately states a due process violation against these defendants.

**MCAPD and Broderick** – In the original complaint, Plaintiff alleged that the probation officers were acting in accordance with policies adopted by MCAPD and Broderick. The Court dismissed these defendants because Plaintiff "failed to identify any specific policy, procedure, use, or custom." (Order 4/27/12, Doc. 3 at 5.) Plaintiff now affirmatively alleges that he was repeatedly told by Defendants Harlin and Christianson that the placement of the GPS monitor was being done pursuant to a policy of MCAPD, as established by Defendant Broderick, but failed to otherwise identify the policy. He asserts that this "unidentified 'department policy'" was the justification for (and thus the cause of) his constitutional injury by the placement of the monitor without due process. (First Amended Complaint at 3C.) Although Plaintiff has yet to put a specific name to the policy, he has adequately identified it by referencing Harlin and Christianson's explicit reliance upon it. Accordingly, Plaintiff adequately states claims against MCAPD and Broderick based upon their adoption of the policy relied upon by

Harlin and Christianson.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's equal protection claims in his First Amended Complaint (Doc. 14) be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Defendants Christianson and Harlin, having already appeared herein, be required to respond to the First Amended Complaint within twenty-one (21) days of the filing of the order directing such response.

**IT IS FURTHER RECOMMENDED** that service on Defendants MCAPD, Broderick, Thompson, and Johnson be ordered, and they be required to respond to the First Amended Complaint by entry of an order that provides as follows:.

(1) The Clerk of the Court shall send Plaintiff a service packet including both summons and request for waiver forms for said Defendants.

(2) Plaintiff shall complete and return the service packet to the Clerk of the Court within 20 days of the date of the filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) The United States Marshal shall retain the Summons, a copy of such amended complaint, and a copy of this Order for future use.

(4) The United States Marshal shall notify said Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of summons is not returned by Defendants within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

   a.  Personally serve copies of the Summons, such amended Complaint and this Order upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

   b.  Within ten days after personal service is effected, file the return of service

4

for the Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendants.   The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, such amended complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.   Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(5)  **Defendants who agree to waive service of the Summons and such amended complaint shall return signed waiver forms to the United State Marshal, and not to Plaintiff.**

(6) Said Defendants shall answer such amended complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(7) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed.   The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

## EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.   Thereafter, the parties have

fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: September 11, 2012

12-0464-011r RR 12 07 31 on Screen Amended Complaint.docx

James F. Metcalf
United States Magistrate Judge